### THE STATE v. HELM & THORNHILL.

It is a general rule, that indictments on statutes must state all the cir-
cumstances which come into the definition of the offence in the sta-
tute, so as to bring the defendant precisely within the act; and the
general conclusion, "*contrary to the form of the statute*" will not aid
a defect in this respect.

*J. R. Abernathy for The State,*

Relies on the following authorities: Revised Statutes,
page 206; also, page 484. Thou shalt not commit adultery,
Moses' 7th commandment.

*Opinion of the Court delivered by Napton Judge.*

The grand jury of Monroe county at the sittings of the
circuit court for March 1839, found an indictment against
James Helm and Catharine Thornhill, for living together in
adultery. The first count charged, that the said Helm and
Thornhill at &c., on &c., did live with each other, and each
of them did then and there live with the other &c., for a

JUNE TERM
1840.

The State.
vs.
Helm and
Thornhill.

long space of time next prior thereto, to wit: for the space of three months had lived with each other in a state of open and notorious adultery, contrary &c. The second count charged, that the said Helm and Thornhill on &c., at &c., did live with each other, and each of them did then and there live with the other and for a long space of time next prior thereto, to wit, &c., had lived with each other, and did, then and there, with force and arms, lewdly, and lasciviously, abide and cohabit with each other, to wit, on &c., at &c; they, the said James Helm and Katharine Thornhill; being then and there not married the one to the other, to the evil example, &c. On motion of the defendants the indictment was quashed, and the state by writ of error brings the case to this court. This indictment was founded on the 8th sec. of the VIII art. of the act concerning crimes and their punishment; that section provides that, every person who shall live in a state of open and notorious adultery, and every man and woman (one or both of whom are married, and not to each other,) who shall lewdly and lasciviously abide and cohabit with each other, and every person, married, or unmarried, who shall be guilty of open, gross lewdness, or lascivious behavior, or of any open and notorious act of public indecency, grossly scandalous, shall on conviction, be adjudged guilty of a misdemeanor, and punished by imprisonment in a county jail not exceeding six months, or by fine not exceeding three hundred dollars, or by both such fine and imprisonment. There are three classes of offences provided for by this section- The two first clauses apply only to cases where one of the parties is married, and the last clause to persons whether married or single. The second count is designed to apply to the second class of cases, as described in the second clause of the section; but it is defective in this, that there is no averment that either of the parties Helm or Thornhill was married. It is a general rule that indictments on statutes must state all the circumstances which come into the definition of the offence in the act, so as to bring the defendant precisely within it, and the general conclusion of "contrary to the form of the statute," will not aid a defect in this respect, 1 Chitty C. L. p. 282.—

*It is a general rule, that indictments on statutes must state all the circumstances which come in to the definition of*

This rule has been sanctioned by innumerable adjudged cases, some of which are cited by Chitty. The same rule will prevent the second count from resting on the third clause, of the section, for though the offence described in that count may be such an act of open gross lewdness or lascivious behavior, as the third clause was designed to punish, yet the prosecutor should have averred it to be such in the words, or the material words of that clause. The first count describes the offence in the precise words of the statute, and I am unable to see what object on could have prevailed against it, a definition of the word adultery was surely not desirable, as I question whether any circumlocution could make the offence more intelligible to the common understanding of men than the plain and well understood phrase of the statute.— The court being of opinion that the first count is good, the judgment of the circuit court is therefore reversed and the cause remanded.

*JUNE TERM 1840.*

The State. vs. Helm and Thornhill.

*the offence in the statute so as to bring the defendant precisely within the act; and the general conclusion, "contrary to the form of the statute" will not aid a defect in this respect.*