THE STATE, Appellant, *vs.* CHUNN, Respondent.

1. A party who sells a slave with a covenant of warranty of title, knowing that he has no title, is not guilty of such a false pretense as is indictable under the statute, (sec. 49, art. 3, act concerning crimes and punishments, R. C., 1845.)
2. An indictment which charges that money was obtained by *color* of a false pretence, is not sufficient. The word "color" in the statute only applies to the words "false token or writing," and not to the clause immediately following.

*Appeal from St. Louis Criminal Court.*

*L. M. Shreve,* for the State. The indictment describes an offence within the meaning of the statute. The defendant is criminally liable for falsely pretending that he owned the slave when he did not. *State* v. *Newell,* 1 Mo. 252. The fact that a *warranty* was given makes no difference.

*N. Holmes,* for respondent, on the point that no indictable offence was charged, cited 2 Russ. on Crimes, 303. Arch. Cr. Pl. 277. *Rex* v. *Codington,* 1 C. & P. 661. 3 Arch. Cr. Pl. by Waterman, 470–1, 473 (note.) *Rex* v. *Pyrrell,* 1 Stark. N. P. C. 402. The indictment is insufficient in not charging that the defendant obtained the money *by means* of the false pretence, instead of *by color* of the false pretence. 2 Russ. on Cr. 311. Archbold Cr. Pl. 275, 279.

RYLAND, Judge, delivered the opinion of the court.

The defendant, Chunn, was indicted at the May term, 1853, of the Criminal Court of St. Louis, for obtaining money from one Solomon P. Ketcham by false pretences.

The indictment charges the false pretence to be in the sale of a negro woman named Lucy, for $600, which it charges that defendant sold to said Solomon P. Ketcham, falsely pretending that he, the said defendant, was the owner of said negro woman, and that he had full right and authority to sell her. The indictment sets forth the bill of sale for said negro

woman, executed by said defendant to said Ketcham, in which said defendant says : " I have sold to Solomon P. Ketcham my negro woman, Lucy, (slave for life,) for the sum of six hundred dollars, the receipt of which is hereby acknowledged. I do warrant and defend the title of said negro slave from the lawful claims of all persons whatsoever." The indictment negatives the ownership of said slave in said defendant, and denies that he had any property in said slave, or any right, power or authority to sell her, or to make any bill of sale for her to any person ; and concludes thus : " All which the said William P. Chunn then and there well knew, and the grand jurors aforesaid, upon their oath aforesaid, do say, that the said William P. Chunn, then and there, in manner and form aforesaid, feloniously, deceitfully, designedly and by *color* of the false pretences and representations aforesaid, did get into his possession, and obtain from the said Solomon P. Ketcham, the sum of six hundred dollars," &c.

The defendant moved to quash this indictment, because it did not show a case of obtaining money under false pretences, within the true meaning and intent of the act in such case made and provided. The court sustained this motion, quashed the indictment, and the State brings the case here by appeal.

The only questions involved arise on the validity of the indictment. Is the transaction set forth in the indictment, such a false pretence as is embraced by our statute ? And is the indictment sufficient on its face?

The 49th section of art. 3 of the act concerning crimes and punishments, R. C. 1845, p. 363, declares that, " Every person who, with intent to cheat or defraud another, shall, designedly, by color of any false token or writing, or by any other false pretence, obtain the signature of any person to any written instrument, or obtain from any person any money, personal property, right in action, or other valuable thing or effects, whatsoever, upon conviction thereof, shall be punished in the same manner, and to the same extent, as for feloniously stealing the money, property or thing so obtained."

This statute has provisions very similar to the British statute of Henry VIII, ch. 1, and of 30 Geo. II, chap. 24.   The first one of these statutes uses the words " by color and means of any such false token or counterfeit letter," &c.   It has been held, that this statute of 33 Henry VIII, ch. 1, required a false seal or token to be used, in order to bring the person imposed upon in the confidence of the other, and this statute being found too narrow and insufficient, the statute 30 Geo. II, ch. 24, was enacted.   The words of this are very general : " All persons who, knowingly, by false pretences, shall obtain from any person money, goods, &c., with intent to cheat or defraud," &c. Justice Buller said, in the case of *Young and others* against *The King*, in error, 3 T. R. 98, " that the ingredients of this offence are the obtaining money by false pretences, and with an intent to defraud.   Some pretence must be used and that pretence false."

In the case of the *King* v. *Codington*, 1 Carrington & Payne, 661, (also in Eng. Com. L. R. 518,) the indictment was for obtaining money by false pretences.   It charged that the defendant obtained the sum of £29 3s. by falsely pretending to a person named Varlow, that he was entitled to a reversionary interest in the one-seventh share of a sum of money left by his grand-father, whose name was Wickes ; whereas, in fact, he was not entitled to any interest in any share, &c., negativing the pretences.   Plea, not guilty.   It was stated, in opening, that the defendant pretended that he was entitled to the reversionary interest mentioned in the indictment, and thereby induced Varlow, the prosecutor, to purchase it on the 22d December, 1824, at the price of £29 3s.—the defendant having, in fact, sold all his interest in it to a person named Pick, on the 18th September, 1824.   To prove the pretence, a deed dated December 22, 1824, assigning the defendant's interest in his one-seventh share of the money to Varlow, was put in, and *in this deed, there was the usual covenant for title.* The prisoner's counsel objected that this deed was no evidence of any false pretence, for if it was, every breach of every cove-

nant would be indictable. Littledale, Justice, said : " Cer-· tainly a covenant in a deed cannot be taken to be a false pre- tence. The prosecutor was then called, and he proved that de- fendant asked him to purchase a seventh share of some money that he would be entitled to under his grandfather's will, on the death of one of his relatives, and that he agreed to purchase it, and got a deed of assignment executed to him, and he thereupon paid the purchase money. To prove the falsehood of the pre- tence, the previous assignment by the defendant to Pick was put in. The counsel for the prisoner objected that the prose- cutor did not advance the money in consequence of the verbal pretence used by the defendant, but took the covenant as his security. What passed between the parties by parol, was af- terwards embodied in the deed ; it was a mere breach of cov- enant. For the prosecution it was contended, that the indict- ment charges that the defendant obtained the money by pre- tending that he was entitled to this reversionary interest. That pretence was proved to be false, and yet it is to be contended that, because he reiterated that pretence in a deed, it becomes no offence. In reply, the counsel for the defendant observed : " It is not every thing which is untruly stated at the time of a bargain, which is an indictable pretence." Littledale, J., said : " The doctrine contended for, on the part of the prosecution, would make every breach of warranty or false assertion, at the time of a bargain, a transportable offence. Here the party bought the property, and took as his security a covenant that the vendor had a good title. If he now finds that the vendor has not a good title, he must resort to the covenant. This is only a ground for a civil action." See also *Rex* v. *Pyrrell et al.*, 1 Stark. R. 402.

In the opinion of this court, the false warranty in the sale of the negro woman, is not such a fraudulent pretence as was contemplated by our legislature. The purchaser must resort to his civil action for the breach of that warranty. The pre- tence with a warranty is not a criminal false pretence. So much, then, for the transaction set forth in the indictment.

As to the form of the indictment, the manner in which the money was obtained is not sufficiently charged under our statute. The indictment does not charge that the money was obtained by a false pretence, "but by color of a false pretence," &c. This is not sufficient. By reference to the statute, the section above quoted, it will be seen that the color therein mentioned is in regard to the use of a false token or writing; it does not apply to the other clause of the section. The "or by any other false pretence" is a distinctive method in which the fraud may be perpetrated; not "by color of any other false pretence," but "by any other false pretence."

In the opinion of this court, the indictment is not sufficient, and the judgment of the court below, in quashing the same, is affirmed; the other judges concurring.