State v. Reakey.

THE STATE OF MISSOURI, Appellant, *vs.* HENRY REAKEY, Respondent.

1. *St. Louis court of appeals—Appeal from in criminal cases.*—In cases of felony the State may appeal to the Supreme Court from a decision of the St. Louis Court of Appeals. The statute touching appeals of the State from the trial court (Wagn. Stat., 1114, § 14), has no application to such appeals.
2. *Indictment—Averments necessary under the practice act.*—A clear substantive charge constituting the offense set forth in an indictment, is as necessary under the present practice act as heretofore.

*Appeal from St. Louis Court of Appeals.*

*McKee, McFarland & Alexander,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The defendant was indicted for the killing of his wife, and was convicted of murder in the first degree. He appealed to the St. Louis Court of Appeals, and in that court the judgment was reversed, and the State has brought the case here.

There are only two questions presented requiring our notice. The first is, whether the State is entitled to an appeal, and the second is, whether the indictment is sufficient.

From the proceedings of the trial court the State is only permitted to take an appeal, where the indictment is quashed, adjudged insufficient upon demurrer, or where the judgment thereon is arrested. (Wagn. Stat., 1114, §§ 13, 14.) But in the present case the State does not appeal from the judgment or rulings of the circuit court where the trial was had. The appeal is from an appellate tribunal, to review questions of law determined in that court, and does not come within either the language or the purview of the statute. There is no statutory provision on the subject, and we must be guided by the constitution regulating appellate proceedings from the court of appeals to this court.

By art. 6, section 12, of the Constitution, the right to appeal or sue out writs of error from the Court of Appeals to this court is given in all cases of felony. There is nothing to indicate that any restriction was intended as to any party. The just and reasonable conclusion is, that as the

Court of Appeals is an appellate court, any party may bring its proceedings here for review, whenever a case occurs in which an appeal or writ of error is allowed.

The indictment charges that the defendant "did feloniously, willfully, deliberately, premeditatedly, on purpose and of his malice aforethought, make an assault in and upon the body of his wife, Eliza, with a stick or cudgel of some kind unknown to the jurors, and with his opened right hand, the same being deadly weapons, which the defendant then and there held in his hand or hands, to, at and against the said Eliza, he, the defendant, then and there feloniously, willfully, deliberately, premeditatedly, on purpose, and of his malice aforethought, with said stick or cudgel of some kind unknown to the jurors, did strike, penetrate, bruise and wound the said Eliza in and upon the right side of the forehead, immediately over the right eye, fracturing the skull of the said Eliza with said stick or cudgel, and in and upon the throat with his said opened right hand seized, choked, suffocated and strangled her the said Eliza, thereby giving her, the said Eliza, then and there, with the said stick or cudgel of some kind unknown to the jurors, and with his opened right hand, as aforesaid, by means of striking, penetrating, bruising, choking, suffocating, strangling and wounding the said Eliza, two mortal wounds in and upon the right side of the forehead, immediately over the right eye, and in and upon the throat of her, the said Eliza, of which said mortal wounds from the said stick or cudgel and from the said choking or strangling her with the said right hand, the said Eliza then and there," etc.

It would be difficult to conceive of an indictment more illogically or inartistically drawn. Not only is the grammatical construction bad, but what properly should be two distinct averments or counts is so commingled as to become almost unintelligible. Pleaders should be more careful, and pay some attention to the prescribed forms which have grown up and become familiar to the profession.

The literature of judicial proceedings should not be encumbered with such incongruities, which may easily be avoided by consulting established precedents. It has become too much the prevailing belief to suppose that our liberal practice act in criminal cases will cure almost every defect, but this is a mistake. A clear substantive charge, constituting the offense, is as necessary now as it ever was. It is unnecessary to comment on the impossibility of the defendant's holding his open right hand in his right hand. For if we concede that notwithstanding the inartificial manner in which the allegations in what is really the first count are presented, they may be regarded as substantially good, still we think the second charge is fatally defective.

The averment is, that Eliza came to her death by being choked, suffocated and strangled by the defendant, but it is not alleged that these acts were committed willfully, deliberately and premeditatedly, so as to make the killing murder in the first degree. The evidence, which was wholly circumstantial, showed that if the deceased was murdered there were as strong reasons for finding that she was choked or strangled, as there was for believing that she was killed with a stick. On which charge the jury based their verdict cannot be told. If it was on the second, the indictment would not support the verdict for murder in the first degree. Again, the count is inconsistent and uncertain. It charges that the defendant in and upon the throat with his opened right hand, seized, choked, suffocated and strangled the deceased, thereby giving her then and there, with a stick or cudgel of some kind and with his open right hand, by means of striking, penetrating, choking, strangling, etc., the deceased two mortal wounds in and upon the right side of the forehead, immediately over the right eye and in and upon the throat, of which mortal wounds from the stick or cudgel, and from the choking or strangling, she died.

It is difficult to perceive how, by means of choking or strangling, the defendant perpetrated the offense with a stick or cudgel, as alleged in the first charging part, or that

with his open right hand, by means of striking, penetrating, choking and strangling, he made two wounds on the right side of the forehead, over the right eye, or upon the throat. But it is useless to continue the analysis further. The indictment is so defective and is so palpably wanting in that certainty which should always characterize the administration of criminal justice, that there is no principle upon which it can be sustained.

The Court of Appeals reversed the conviction, and remanded the cause, and we think its judgment was correct, and it will be affirmed. Judges Napton and Sherwood concur; Judges Vories and Hough absent.