THE STATE v. WATSON, PLAINTIFF IN ERROR.

1. **Indictment**: STATUTORY LANGUAGE. An indictment need not describe the offense in the language of the statute, but may use words which, in their common acceptation, mean the same thing when spoken of the acts charged against the accused.

2. ———: PASSING FORGED DRAFT. An indictment which charges the defendant with falsely, &c., selling, exchanging and delivering as true a forged draft, knowing the same to be forged, and with intent to defraud, is good under a statute which prohibits the passing, uttering and publishing of forged paper.

*Appeal from Iron Circuit Court.*

*Nathan C. Kouns* for plaintiff in error.

I. The necessary elements of the crime denounced by section 9, page 468 Wag. Stat., are: 1st. That defendant shall "sell, exchange or deliver;" or, 2d. "Receive upon a sale, exchange or deliver"; 3rd. "For any consideration;" 4th. "Any forged paper described in section 8;" 5th. "Knowing the same to be forged;" 6th. "With intent to have the same uttered or passed." The distinctive element of the crime, that without which this particular offense cannot be committed at all, is that the forged paper must be knowingly sold, exchanged or delivered, or received

upon a sale, exchange or delivery for a consideration "with intent to have the same uttered or passed."

II.    The essential elements of the crime prohibited by section 21, page 471 Wag. Stat. are that the defendant shall, 1st. "With intent to defraud;" 2d. "Pass, utter or publish as true;" or, 3rd. "Offer or attempt to pass, utter or publish as true;" 4th. "Any falsely uttered writings or imitations of coin."

III.    The indictment, stripped of all verbiage, charges that the defendant did, 1st. "Sell, exchange and deliver;" 2d. "For a consideration of $550;" 3rd. "The forged check;" 4th. "With intent to defraud;" 5th. "Knowing it to be forged." But it fails to charge that these things were done "with intent to have the same uttered or passed," which is essential to a conviction under section 9; and it fails to charge that he did "pass, utter, or publish as true" the forged paper, which is essential to a conviction under section 21. The two crimes are of an essentially different nature, and this indictment which uses some of the words of both sections, omits the words which are peculiarly essential in both, and utterly fails to charge any offense known to the law under either. The indictment cannot support a conviction under either section. It cannot be pretended that the words "sell, exchange or deliver" are synonymous with the words "pass, utter or publish;" and, in fact, these words are everywhere used in the statutes as formulas, descriptive of essentially different crimes. They are used in many different sections, but never interchangeably. The crime defined by the words "sell, exchange or deliver" is one in which all parties to the transaction are equally guilty; that defined by the words "pass, utter and publish" is one of which one party only is guilty, while the other is defrauded.

*J. L. Smith*, Attorney General, for respondent.

I.    The sale, exchange and delivery of a forged or

counterfeited bill of exchange, by a party knowing it to be forged, and for a consideration, is a passing and uttering, and is an unlawful act. *State v. Fitzsimmons*, 30 Mo. 238. If the act itself is unlawful, the law presumes an evil intent, and the allegation of such matter is, at most, but a matter of form. 5 Bac. Abr. 96; 6 East 464; Kelly's Crim. Law, § 197. The act of selling for value, with intent to defraud, carries the idea of an intent to have the same passed.

II. When the draft had been sold by the plaintiff in error to the Ironton Manufacturing Company, it had been by him passed. The "intent to have the same passed" had been carried out, and was embraced in the allegation, "did sell, exchange and deliver," &c., "with intent to defraud," &c. Nothing could be alleged that would indicate the intent to have the same passed as clearly as this.

III. If an indictment sets forth the facts constituting the crime with such certainty that the accused had notice of what he was called upon to meet and controvert, and the court, applying the law to the facts charged, could see that an offense had been committed, it is sufficient. The indictment at bar complies with the requirements of this rule.

HENRY, J.—In the Iron Circuit Court an indictment was preferred against defendant, of which the following is INDICTMENT: statutory language a copy: The Grand Jurors, &c., present that one D. A. Watson, late, &c., on the 16th day of February, A. D. 1876, at the county, &c., did falsely, fraudulently and feloniously sell, exchange and deliver, for the consideration of five hundred and fifty dollars, to the Ironton Manufacturing Company, as true, a certain falsely made and forged draft, purporting to be made and issued by the First National Bank of Macomb, in the State of Illinois, a bank duly incorporated under the laws of the United States, and purporting to be drawn on the American Exchange National Bank of New York, which said last mentioned falsely made and forged draft is as follows,

(copying the draft), with the intent to defraud the said Ironton Manufacturing Company; and that the said D. A. Watson, at the said time he so sold, exchanged and delivered the said last mentioned falsely and forged draft as aforesaid, then and there, to-wit, on the said sixteenth day of February, A. D. 1876, well knowing the same to be falsely made and forged, contrary, etc." Defendant was tried and convicted, and sentenced to the penitentiary for eight years, and the cause is here on writ of error, and the only question is as to the sufficiency of the indictment. Section 21, page 471, Wagner's Statutes, provides that "every person who, with intent to defraud, shall pass, utter or publish, or offer, or attempt to pass, utter or publish as true, any forged, counterfeited, or falsely uttered instrument or writing, or any counterfeit, or any imitation of any gold or silver coin, the altering, forging or counterfeiting of which is hereinafter declared to be an offense, knowing such instrument, writing or coin to be altered, forged or counterfeited, shall, upon conviction, be adjudged guilty of forgery in the same degree as hereinafter declared for the forging, altering or counterfeiting the instrument, writing or coin so passed, uttered or published, or offered or attempted to be passed, uttered or published." By the 8th section, page 468, the counterfeiting, forging or uttering such an instrument as that described in the foregoing indictment, is made forgery in the second degree, the punishment for which, by section 29, page 472, is imprisonment in the penitentiary not less than five nor more than ten years. If the indictment is good under section 21 it is unnecessary to notice the other points made in the brief of defendant's counsel.

It will be observed that it contains every material allegation required by that section; but instead of the words "pass," "utter" and "publish" substitutes the words "sell," "exchange" and "deliver." INDICTMENT: passing forged draft. Do these words, in connection with the acts charged, sufficiently describe the offense, or is the pleader

confined to the words in the section? It is generally, not, however, invariably, sufficient to describe the offense in the words of the statute; but it does not follow that other words may not be substituted. Selling, exchanging or delivering a bank bill or a piece of money is in common parlance passing the bill or money. The plain or ordinary and usual sense of the word " pass," as applied to coin or bank notes, is to deliver in exchange for something else, and is equally expressed by the words " sell," " exchange " or " deliver." The judgment will be affirmed. The other judges concur.

AFFIRMED.

*On Motion for Rehearing.*

*Nathan C. Kouns* for the motion.

I. The common, ordinary meaning of " pass " is to go by, to omit; of " utter," to speak, to pronounce; or " publish," to make public, to advertise; but the legal meaning of " utter " and " publish " is to declare or assert, by words or actions, that a forged paper is good, and it is passed when it is taken by the person to whom it is paid with this representation. Bishop's Statutory Crimes, 306.

II. It has been solemnly decided by courts of high authority that a defendant *cannot* be convicted on an indictment which charges that he " sold, exchanged and delivered " forged paper, by proof that he passed it, because the two offenses are essentially different and *vice versa. Van Valkenberg v. The State,* 11 Ohio 404 ; *Hutchins v. The State,* 13 Ohio 198. See, also, *U. S. v. Nelson,* 1 Abbott 135.

III. At common law the crime of forgery could only be committed by falsely making or altering a written instrument. Passing a forged paper, or selling it with intent to have it passed, was a common law cheat, and it is only forgery because the statute makes it so. This forgery is, therefore, strictly a statutory crime. It is settled law

that an indictment for a statutory crime must charge the essential elements necessary to constitute it : must charge all the circumstances which come into the definition of the crime as defined by the statute, and must charge not only the statutory definition of a crime, but those which constitute the particular crime indicted." *State v. Helm*, 6 Mo. 263 ; *State v. Ross*, 25 Mo. 426 ; *State v. Evers*, 49 Mo. 542 ; Bishop's Statutory Crimes § 37; Kelley's Criminal Law, " Indictments ;" *State v. Reaky*, 62 Mo. 40 ; *State v. Howerton*, 59 Mo. 91 ; *State v. Hopper*, 27 Mo. 599; *State v. Chunn*, 19 Mo. 233. The true rule drawn from the whole body of the law appears to be this : Wherever the statute creates a crime and defines the facts which constitute it, there the language of the statute must be followed, and " equivalent " words won't do.

HENRY, J.—Section 9 Wag. Stat., page 468, provides for a case in which both the buyer and seller of counter-

INDICTMENT: statutory language.

feit bank notes or coin know that they are counterfeits, and are equally guilty, and the words used descriptive of the offense are " sell, exchange or deliver," and " receive upon a sale, exchange or delivery." Section 21, page 471, contemplates a case where one party only is guilty, and the other is victimized by him. The words used descriptive of the offense are *pass, utter*, or *publish*. The defendant's counsel contends that the indictment under the latter section must use one of the words "pass," " utter" or " publish," and that the offense cannot be charged in any other language. In the case at bar every averment required by that section is made, and the specific acts charged when proven, unquestionably make out a case under that section, for they clearly constitute a passing, publishing and uttering. Is that sufficient? The counsel confidently relies upon *Vanvalkenburg v. The State of Ohio*, 11 Ohio 404 ; *Sherman Hutchins v. The State. of Ohio*, 13 Ohio 198, and the *United States v. Nelson*, 1 Abbott's U. S. Rep. 135.

The case in the 11th Ohio decides that proof of uttering and publishing counterfeit bank notes as true and genuine, will not sustain an indictment for selling and bartering such notes. In the criminal code of Ohio there were two sections similar, almost identical with, our sections 9 and 21, and undoubtedly the court properly decided the case of *Vanvalkenburg v. The State.* The indictment charged one offense and the evidence proved another and different offense, defined in another section of the statute. The case in 13th Ohio reaffirms the case of *Vanvalkenburg v. The State of Ohio.* It may be remarked that in the latter case Birchard, J., dissented, and in a very able argument contended that the offense proven being of a lower grade than, and embraced in, that charged, the defendant could be convicted under that indictment for the less offense.

In the case of the *U. S. v. Nelson* the defendant was indicted for *passing, uttering* and *publishing* a counterfeit United States fractional note with intent to defraud the United States, and was convicted. The proof was that a person employed by the government officials as a detective applied to Nelson for counterfeit money, to be, by the detective, put in circulation. He sold to the detective four hundred and ten dollars of spurious United States notes, for which he received, in good money and a promissory note, one hundred and thirty-three dollars. When the testimony was offered it was objected that, on a charge for passing, proof of selling was inadmissible, but the objection was overruled, and that ruling formed the basis of a motion for a new trial. The act of Congress of June, 1864, defines the offense to be to utter, pass, publish or sell counterfeit United States notes, knowing them to be such, with intent to deceive or defraud. The indictment did not charge that defendant sold the notes. The court said : " The single question which I find it necessary to determine is whether, under the statute last referred to, any delivery of a spurious note to another for value, for the object or purpose of being passed or put

into circulation as and for money, is a passing within the meaning of the act of Congress;" and he determines the question in the affirmative.   There, it will be. observed, the defendant was charged with passing, uttering and publishing, and the proof was that the defendant sold to one who knew the notes to be counterfeit.   In the case of the *State v. Mitchell,* 1 Baldwin, Mr. Justice Baldwin says : " The note is uttered when it is delivered for the purpose of being passed."

In the case at bar the indictment does not use the word " pass," but alleges acts done by defendant which constitute a passing, and employs words which in their common acceptation mean the same thing, and even technically are in some respects convertible terms ; and when, in addition to the employment of those words, it alleges acts done which clearly constitute a passing of the forged draft, there can be no doubt of the sufficiency of the indictment; and with due deference to the able counsel we think that the cases in 11th and 13th Ohio are not applicable to the question involved in this discussion, and the case of *U. S. v. Nelson* supports the conclusion we have reached.   We do not mean to say that the words ·pass, utter and publish, and the words sell, exchange and deliver, may be used interchangeably, but that where the latter words are used in connection with acts charged which clearly constitute the offense imputed by the former words, the indictment is sufficient.   In support of these views we refer to *U. S. v. Batchelder,* 2 Gallison C. C. 15 ; *State v. Little,* 1 Vt. 331 ; *State v. Wilkins,* 17 Vt. 155 ; *Peck v. State,* 2 Humph. (Tenn.) 78 ; *State v. Smith,* 5 La. Ann. 340 ; *State v. Bullock,* 13 Ala. 413 ; *State v. Pennington,* 3 Head 119.   Motion for rehearing overruled.   All concur.

OVERRULED.