State v. Mills.

GANTT, P. J., and SHERWOOD, J., concur.

THE STATE v. MILLS *alias* BAUER.

Division Two, November 21, 1898.

1. **Forgery**: INDICTMENT: WORDS OF STATUTE. Ordinarily in charging a statutory offense, the words of the statute should be used. But this is not indispensably necessary. It is sufficient if the offense be set forth with substantial accuracy and reasonable certainty.

2. ———: ———: ———: UTTERING FORGED DEED: CHARGED WITH SELLING. One charged with fraudulently and feloniously selling, exchanging and delivering a forged deed, may be convicted of an "intent to pass, utter and publish as true" said forged deed.

3. ———: ———: ———: ———: CASE STATED. The evidence showed that defendant was guilty of a violation of the statute (sec. 3646), which makes it forgery in the first degree to "pass, utter or publish" a forged deed, and the instructions correctly charged the jury as to such crime, but the indictment charged that the defendant "with intent to injure and defraud, did sell and deliver the deed falsely made and forged, to M., . . . . . . . knowing the same to be forged and counterfeited." *Held*, that the indictment substantially charged the crime denounced by said section 3646, *and* that it could not be said that the pleader intended to charge an offense under sections 3644 or 3645, which sections define forgery in the fourth degree. *Held*, also, that such contention could easily have been avoided by using the language of the statute.

4. ———: SECTION 3644, REVISED STATUTES 1889: VENDOR AND VENDEE. The denunciations of section 3644, Revised Statutes 1889, are leveled only against the guilty vendor of a forged instrument, and not the transferee or vendee thereof.

*Appeal from St. Louis City Circuit Court.*—HON. WILLIAM ZACHRITZ, Judge.

AFFIRMED.

*Charles T. Noland* for appellant.

The second count of the indictment (upon which defendant was convicted) does not charge forgery in the first degree. It follows the language of the sections 3644 and 3645 of Revised Statutes 1889, by charging that defendant had in his possession a forged instrument with intent to defraud by uttering and passing, and that he sold and delivered such forged instrument with intent to have the same uttered and passed. Each of these sections describes the offense as forgery in the fourth degree. While the count is bad for duplicity, yet the point now pressed is that the trial court overlooked sections 3644 and 3645, and instructed the jury as though the second count was based on section 3646, which describes an offense of forgery in the first degree. And the court instructed the jury that if they convicted defendant upon the second count, the lowest punishment they could assess was ten years in the penitentiary. The punishment for forgery in the fourth degree is not exceeding five years in the penitentiary and not less than six months in jail. *State v. Watson*, 65 Mo. 115; *Vanvalkenburg v. State*, 11 Ohio, 404; *Hutchins v. State*, 13 Ohio, 198.

*Edward C. Crow*, Attorney-General, and *Sam B. Jeffries*, Assistant Attorney-General, for the State.

The count in question is not based upon either section 3644 or 3645, Revised Statutes 1889, but upon

section 3646. The indictment charges an offense under this section for the reason that every essential ingredient of the statute is covered by proper allegation. From the very nature of the transaction, it is manifest that the offense charged does not fall within the scope of either section 3644 or section 3645. The first section, 3644, provides for the punishment of a person who shall have in his possession, buy or receive a forged instrument, knowing the same to be forged with intent to injure and defraud by uttering the same as true. The second section, 3645, provides for the punishment of persons who shall sell, or dispose of, for consideration, a forged instrument, when such person knew the same to be forged with intent to have it uttered or passed. A violation of these two sections constitutes forgery in the fourth degree. Now, upon comparing the indictment with the terms of section 3646, it will be found that the offense charged is the one prescribed by said section, in which event no error was committed in giving the instruction questioned by defendant.

GANTT, P. J.—The defendant having been convicted of forgery and sentenced to ten years' imprisonment in the penitentiary appeals to this court for a reversal of his sentence.

He assigns only one ground of error.

He insists that the second count of the indictment under which he was convicted does not charge him with forgery in the first degree, and the circuit court erred in instructing the jury as to the minimum punishment. He maintains that the pleader evidently intended to charge an offense under sections 3644 and 3645, which sections define forgery in the fourth degree.

The controverted count is in these words: "And the grand jurors aforesaid, upon their oath aforesaid,

do further present that Herbert Mills, alias John Bauer, on the seventh day of April, A. D. 1897, at the city of St. Louis aforesaid, unlawfully and feloniously had in his custody and possession a certain false and counterfeit instrument in writing and printing, to wit, a deed of trust purporting to be made by John Bauer, which said false forged and counterfeit written and printed instrument, to wit, a deed of trust is as follows, that is to say, 'This deed of trust, made and entered into this fifth day of April, eighteen hundred and ninety-seven, by and between John Bauer, a widower of the city of St. Louis and State of Missouri, party of the first part, and John McMenary, of the city of St. Louis and State of Missouri, party of the second part, and Alphonso J. Walsh, of the city of St. Louis and State aforesaid, party of the third part, witnesseth: That the said party of the first part, in consideration of the debt and trust hereinafter mentioned and created, and of the sum of one dollar to him paid by the said party of the second part, the receipt of which is hereby acknowledged, does by these presents grant, bargain and sell, convey and confirm unto the said party of the second part, forever, all the following described real estate, situated in the city of St. Louis and State of Missouri, and known and described as follows, to wit: Being lot eleven and the western seventeen feet of lot ten in block nine of Peter Lindell's first addition, and being in block 1952 of the city of St. Louis, fronting together forty-two feet on the north lines of Laclede avenue, by a depth, northwardly, between parallel lines, of one hundred and twenty-eight feet six inches to an alley, and bounded north by said alley, east by the eastern eight feet of lot ten, south by Laclede avenue, and west by lot number twelve of said block and addition. To have and to hold the same with the appurtenances, to the said party of the second part, and to his successors

hereinafter designated and to the assigns of him and
his successors forever.   In trust, however, for the fol-
lowing purposes:   Whereas, the said John Bauer, for
value received and borrowed money, has executed and
delivered to the party of the third part his seven nego-
tiable promissory notes of even date herewith, drawn
to the order of Alphonso J. Walsh, party herein of the
third part, and payable as follows, to wit: One prin-
cipal note for the sum of thirty-five hundred dollars,
payable in three years after date and six interest notes
for the sum of one hundred and five dollars each, pay-
able respectively in 6, 12, 18, 24, 30 and 36 months
after date, all of said notes bearing eight per cent
interest per annum from maturity, it having been
agreed between the parties hereto that when one of
said notes, whether of interest or principal, after hav-
ing become due and payable, should remain unpaid,
then all of said notes should become due and payable
at once, whether due on their face or not, to secure the
payment of which said notes the party of the first part
has executed this deed of trust, and he also agreed with
said party, his endorsers and assignees, to cause all
taxes and assessments, general and special, to be paid
whenever imposed upon said property and within the
times required by law and also to keep the improve-
ments upon   said property constantly and satisfac-
torily insured, until said notes, are paid for the sum
of thirty-five hundred dollars, and the policy or policies
therefor to keep constantly assigned unto the said party
of the second part for further securing the payment of
said note, and the same apply towards the payment of
said notes, unless otherwise paid, when they respec-
tively become due as aforesaid.   And the said party of
the first part hereby guarantees to the said party of the
third part that said property herein described is free
and clear of mechanics' liens; and said party of the

first part further agrees that in case any lien should hereafter be filed against said property, after the execution of this trust, then, and in that case, said liens so filed shall have the same force and effect as if any of said notes hereinbefore described shall become due and payable, and all the covenants and agreements herein provided shall be in full force and effect and carried out as if said notes were actually due and payable. And in the event the said party of the third part, or his assigns or legal representatives, or the party of the second part or his successors in trust, shall expend any money to protect the title or possession of said premises, then all such money so expended shall be a new and additional principal sum of money secured by this instrument, and shall be payable and may be collected with interest thereon at the rate of ten per centum per annum from the time of so expending the same. Now, therefore, if the said John Bauer, representatives or assigns, shall well and truly pay, or cause to be paid, unto the holder or holders thereof, respectively, all and singular the said promissory notes above mentioned at maturity thereof, respectively, according to the tenor of the same, and shall well and truly keep and perform all and singular the several covenants and agreements hereinbefore set forth, then this trust shall cease and be void, and the property hereinbefore conveyed shall be released at the cost of said party of the first part; but if either one of said notes, or any part thereof, be not so paid at maturity, according to the tenor of the same, or if default be made in due fulfillment of said covenants or agreements, or either of them, then this conveyance shall remain in force, and said party of the second part (whether acting in person or by attorney in fact hereunto authorized under seal) or in case of his death his successor in this trust may proceed to sell the property hereinbefore conveyed,

or any part thereof, at public vendue or outcry, at the east front door of the courthouse, in the city of St. Louis and State of Missouri, to the highest bidder, for cash, first giving twenty days' notice of the time, terms and place of said sale, and of the property to be sold, by advertisement published in some newspaper printed in the city of St. Louis, State of Missouri, and upon such sale shall execute a deed in fee simple of the property sold to the purchaser or purchasers thereof (and any deed made by the trustee or his successor in pursuance of the powers herein granted, and all recitals therein contained, shall be everywhere received, as *prima facie* evidence of such facts), and shall receive the proceeds of such sale, out of which he shall pay, first, the cost and expenses of executing this trust, including lawful compensation to said trustee; and next he shall repay to any person or persons who may or shall, under the covenants hereinbefore set forth, have advanced or paid any money for taxes, mechanics' liens or insurance, as above provided, all sums so by him or them advanced and not already repaid, together with interest thereon at the rate of 10 per centum per annum from date of such advance till day of payment; and next, said principal note, whether it be due then or not, together with all interest, notes and interest then due and unpaid, with 8 per cent per annum interest thereon from maturity to the day of sale; and the remainder, if any shall be paid to the said party of the first part, or his legal representatives; provided however, that nothing in this deed shall be so construed as to prevent the legal holder of said notes, or either of them, to have and to take every legal step and means to enforce payment of said notes without having first executed this deed of trust. And the said party of the second part covenants faithfully to perform and fulfill the trust herein created.

In witness whereof the said party of the first part has hereunto set his hand and seal on the day and in the year first above written.

"JOHN BAUER.     [SEAL].

" 'STATE OF MISSOURI, ⎱
                           ⎰ ss.
    City of St. Louis.     ⎰

    " 'On this seventh day of April, 1897, before me personally appeared John Bauer and his wife, to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed; and the said Bauer further declares himself to be single and unmarried. In testimony whereof, I have hereunto set my hand and affixed my official seal at my office in city of St. Louis, Mo., the day and year first above written. My term expires March 1, 1890.

" 'CHARLES WILLIAMS,

" 'Notary Public, city of St. Louis.'

"And the said Herbert Mills, *alias* John Bauer, did afterwards, to wit, on the day and year aforesaid, at the city of St. Louis aforesaid, State aforesaid, unlawfully and feloniously, with intent to injure and defraud, sell and deliver the said falsely made, forged and counterfeit written and printed instrument, to wit, a deed of trust to one John McMenary and Alphonso J. Walsh for the consideration and sum of three thousand five hundred dollars, with intent to have the same uttered and passed, he, the said Herbert Mills, *alias* John Bauer, then and there, well knowing the said printed and written instrument, to wit, a deed of trust, to be falsely made, forged and counterfeited against the peace and dignity of the State."

The statutory provisions invoked in the argument are sections 3644, 3645 and 3646, and are as follows:

"Sec. 3644. *Uttering forged instrument, fourth degree.*—Every person who shall have in his possession, buy or receive any falsely made, altered, forged or counterfeited instrument or writing, the forgery of which is hereinbefore declared to be an offense, except such as are enumerated in section 3633, knowing the same to be forged, counterfeited or falsely made or altered, with intent to injure or defraud, by uttering the same as true or false, or causing the same to be uttered, shall, upon conviction, be adjudged guilty of forgery in the fourth degree."

"Sec. 3645. *Selling forged instrument to have the same passed, fourth degree.*—Every person who shall sell, exchange or deliver, . . . for any consideration, any falsely altered, forged or counterfeited instrument or writing, the forgery of which is declared punishable, except as in the last section is excepted, knowing the same to be forged, counterfeited or falsely altered, with the intention to have the same uttered or passed, shall, upon conviction, be adjudged guilty of forgery in the fourth degree."

"Sec. 3646. *Uttering forged instrument.*—Every person who, with intent to defraud, shall pass, utter or publish, or offer, or attempt to pass, utter or publish, as true, any forged, counterfeited or falsely altered instrument or writing, or any counterfeit or any imitation of any gold or silver coin, the altering, forging or counterfeiting of which is hereinbefore declared to be an offense, knowing such instrument, writing or coin to be altered, forged or counterfeited, shall, upon conviction, be adjudged guilty of forgery in the same degree as hereinbefore declared for the forging, altering or counterfeiting the instrument, writing or coin so passed, uttered or published, or offered or attempted to be passed, uttered or published."

In addition to these it may be remarked that by section 3626 forging, counterfeiting or falsely altering any deed or other instrument being or purporting to be the act of another by which any right or interest in real property shall be or purport to be transferred or in any way changed or affected, is declared forgery in the first degree.

We are required to determine which of these sections, if either, the defendant is charged to have violated. No trouble is experienced in holding that this indictment does not charge an offense under section 3644. The crime denounced in that section is the having in possession, buying or receiving a forged or counterfeited instrument or writing, the forgery of which had been declared a forgery in some previous section except such as are enumerated in section 3633 with intent to injure and defraud by uttering, etc. That section does not cover the case of uttering the the said instrument.

The offense denounced by section 3646 is *passing* or *offering* to pass as true counterfeit coin or forged instruments, *with intent to defraud, knowing such coin or instrument to be counterfeited or forged*, and this offense is declared to be forgery in the same degree as had in preceding sections been fixed for forging the instrument so altered or passed. In other words, the offense is the felonious uttering or passing as true of a forged instrument with intent to defraud. The recognized formula for charging this offense is "did unlawfully, knowingly and feloniously *utter, pass and publish as true* a certain falsely made, forged and counterfeit," etc., "knowing the same to be forged," etc. *State v. Horner*, 48 Mo. 520; *State v. Watson*, 65 Mo. 115.

The point to be determined in the light of authority is whether the words used in this indictment, to wit, "with intent to injure and defraud, did sell and deliver

the said falsely made and forged and counterfeit in-
strument to one John McMenary . . . . . . . knowing
the same to be forged and counterfeited,'' charge an
offense under section 3646.

The principle involved in this appeal was con-
sidered in *State v. Watson*, 65 Mo. 115. In that case
as in this, it was urged with much force that it was
essential to a conviction under section 21, Wagner's
Statutes, page 471, the same as section 3646, Revised
Statutes 1889, that the indictment charge that the de-
fendant did ''pass, utter or publish as true'' the forged
paper, but in that case as in this, the indictment
charged that the defendant did falsely, fraudulently
and feloniously sell, exchange and deliver'' the forged
draft, etc. Said this court, ''It will be observed that
it contains every material allegation required by that
section; but instead of the words 'pass,' 'utter' and
'publish' substitutes the words 'sell,' 'exchange' and
'deliver.' Do these words, in connection with the acts
charged, sufficiently describe the offense or is the
pleader confined to the words in the section? . . . . . .
Selling, exchanging or delivering a bank bill or a piece
of money is in common parlance *passing* the bill of
money,'' and they were held sufficient.

In *United States v. Nelson*, 1 Abbott's U. S. Rep.
135, the defendant was indicted for passing, uttering
and publishing a counterfeit United States fractional
note with intent to defraud the United States. The proof
was that the defendant sold to a detective $410 of
spurious United States notes for which he received
$133 in good and lawful money? The court held the
proof sustained the indictment.

It was urged in *State v. Watson*, that the words
''sell, exchange or deliver,'' defined a transaction in
which both the seller and the buyer were equally guilty,
and that ''utter, pass or publish'' only applied to a case

where the vendor was guilty and the vendee was defrauded.

We do not think the words of section 3644 carry any implication whatever that the vendee or transferee is guilty.    Its denunciations are leveled entirely against the guilty vendor.

Authorities are numerous that while ordinarily in charging a statutory offense, the words of the statute should be used, it is not indispensably necessary to do so.    It is sufficient if the offense be set forth with substantial accuracy and reasonable certainty.    *United States v. Bachelder*, 2 Gall. (U. S.) 15; *State v. Pennington*, 3 Head (Tenn.) 119; *State v. Little*, 1 Vt. 331; *State v. Bullock*, 13 Ala. 413; *State v. Watson*, 65 Mo. 115.

We are cited by counsel to *Vanvalkenburg v. State*, 11 Ohio, 404, and *Hutchins v. State*, 13 Ohio, 198, but each of those cases was considered in *State v. Watson*, and this court, as then constituted, declined to follow them.

The court fully and correctly charged the jury as to the constituent elements of uttering and passing the forged instrument, knowing it to be forged and the jury responded to that count in the indictment by finding defendant guilty as in said count charged.

It does not necessarily follow that because defendant might have been convicted under section 3644, that he is not also guilty under section 3646.

The evidence clearly sustains the charge of uttering and passing as true a forged instrument within the meaning of that section.    It is strange that a contention like this, so easily avoided, by using the language of the statute, should have been invited. The words "utter, pass and publish," are so well understood that it would seem the prosecuting officers would employ them, notwithstanding the court may have

sustained other words of the same significance when used in connection with acts which clearly constitute an "uttering or passing" within the meaning of the statute.

It follows that the judgment must be and is affirmed.

SHERWOOD and BURGESS, JJ., concur.